630 A.2d 788

QUARRY HILLS DEVELOPMENT CORPORATION AND JERRY PE-
CARO, PLAINTIFFS–APPELLANTS, v. NEW JERSEY DEPART-
MENT OF TRANSPORTATION, UNION COUNTY AND SPRING-
FIELD TWP., DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 12, 1993—Decided June 30, 1993.

2

Before Judges KING, BRODY and LANDAU.

*Jerry Pecaro* argued the cause, *pro se,* as assignee of Quarry Hills Development Corporation (*David J. Frizell,* of *Frizell & Pozycki,* of counsel and *Eric A. Litvak,* of *Frizell & Pozycki,* on the brief).

*Arlene R. Weiss,* Deputy Attorney General, argued the cause for respondent New Jersey Department of Transportation (*Robert J. Del Tufo,* Attorney General, attorney; *Mary C. Jacobson,* Deputy Attorney General, of counsel, and *Ms. Weiss,* on the brief).

*Rebecca Abbott Donington* argued the cause for respondent, Township of Springfield (*Donington, Karcher, Leroe, Salmond, Luongo, Ronan & Connell,* attorneys).

The opinion of the court was delivered by

LANDAU, J.A.D.

This appeal followed dismissal of a several-pronged complaint initiated in the Law Division, Union County, by plaintiffs Quarry Hills Development Corporation (Quarry Hills) and its sole shareholder, Jerry Pecaro, against the New Jersey Department of Transportation (D.O.T.), the County of Union (County) and Springfield Township (Township).

The complaint asserts that D.O.T. acquired 165 acres of land in the Township owned by Houdaille Industries, Inc., for $8,000,000, principally funded by the United States Department of Transportation, and that Houdaille had agreed with Quarry Hills to exercise its first refusal right to repurchase from D.O.T. ninety-four acres of its former property no longer required for construction or maintenance of Route 78, and then to convey the tract to Quarry Hills. The complaint further states that D.O.T.'s pre-acquisition planning called for return of approximately ninety acres of the quarry tract to private ownership upon completion of the highway, but that D.O.T. instead had leased part of the tract to Union County for leaf composting purposes at $1 per year and appeared ready to sell the remaining area to the County for a nominal consideration or to place the property up for public auction.

The complaint goes on to assert in effect that Quarry Hills wishes to exercise its rights to acquire the property in order to develop low and moderate income housing, and that use of the tract for Union County's proposed purposes is inconsistent with the Township's unmet fair share *Mount Laurel* [1] obligation of 300 units, which purportedly cannot be achieved without use of the quarry land. Thus, Quarry Hills complains, D.O.T.'s refusal to consider its *Mount Laurel* development scheme, as to all or part of the 94 acres, is arbitrary and inconsistent with accomplishment of *Mount Laurel* constitutional goals.

The complaint also alleges that the Township's land use ordinance is unconstitutional because it makes no provision to meet its fair share obligation for low and middle income housing; that Union County's decision to acquire the property is arbitrary and in conflict with *"Mt. Laurel* principles"; and that a ninety-nine year lease between D.O.T. and the County would "violate both *N.J.S.A.* 27:12-1 and Federal law."

Relief was requested:

---

[1] *See, Burlington County N.A.A.C.P. v. Mount Laurel*, 67 *N.J.* 151, 336 A.2d 713 (1975) (*Mount Laurel I*); *Burlington County N.A.A.C.P. v. Mount Laurel*, 92 *N.J.* 158, 456 A.2d 390 (1983) (*Mount Laurel II*); *N.J.S.A.* 52:27D-301 to -329.

1. Declaring that the refusal of the Department of Transportation to consider and provide for sale of this property to Houdaille to satisfy the *Mt. Laurel* obligation is arbitrary and capricious;

2. Directing the Department of Transportation to convey the property to Houdaille and plaintiff pursuant to *N.J.S.A.* 27:12-1 at fair market value for use as an inclusionary housing development;

3. Declaring the zoning ordinance of Springfield Township unconstitutional for failure to comply with the principles of *Mount Laurel II* and provide a realistic opportunity for Springfield's fair share of low and moderate income housing;

4. Declaring that the entry into this agreement by the County of Union is arbitrary, capricious and contrary to the principles of *Mount Laurel* I and II;

5. Declaring that execution of a 99 year lease for one dollar a year is violative of *N.J.S.A.* 27:12-1 and federal law and enjoining such execution.

D.O.T. filed an *R.* 4:6-2(c) motion which sought dismissal for failure to state a claim upon which relief can be granted, and which also relied upon arguments of collateral estoppel and lack of jurisdiction. The County joined in the motion by letter.

Although the prefacing language in the order which granted the motion stated, "This matter having been raised ... for partial dismissal ...", and a decretal paragraph recited that "the State defendant's and defendant Union County's motion is granted," the order provided "this *action* is dismissed with prejudice." (emphasis supplied). No motion to dismiss by the Township of Springfield was made or granted. Nonetheless, the last quoted words apparently prompted the Clerk's Office to regard the entire matter as dismissed, including the claims asserted against defendant Township of Springfield.

Judge Menza's oral opinion makes it clear that he ruled on a dismissal only as to D.O.T. and the County. Appellants properly should have sought leave to appeal on motion because the counts against Springfield were not dismissed. The order must be reversed and remanded as to the complaint against the Township because of the plain procedural error.

Inasmuch as no party has objected, and as the case presents issues of public importance which have since been specifically addressed by the Legislature (*see infra*), we consider the merits

as though leave was granted. Our analysis leads to reversal and remand for further proceedings respecting all parties.

### *The Dismissal Motion*

The D.O.T. and County motion was granted on four principal grounds:

(1) D.O.T. was authorized to lease the property to the County under *N.J.S.A.* 27:12–1;[2] (2) The provision of *N.J.S.A.* 52:31–1.4 and 1.5[3] are limited by *N.J.S.A.* 52:31–1.3 to real property inter-

---

[2] *N.J.S.A.* 27:12–1 provides in pertinent part:

When real estate or any right or interest therein has or shall have come into the possession or control of the commissioner, or when he has or shall have taken real estate or any right or interest therein, in the name of the State for the use of the State in the improvement, betterment, reconstruction or maintenance of a State highway, and the commissioner has or shall have determined that the property so acquired is no longer required for such use, he may:

a. Sell at private sale, for not less than the amount paid therefor by the State, to any municipal corporation or to any public board or commission, for public use only; provided, however, that the State Highway Commissioner is empowered to convey upon such terms as he may deem proper to any municipal corporation or to any public board or commission for road and bridge purposes only any lands acquired by the State of New Jersey for road and bridge purposes;

b. Lease to any municipal corporation or to any public board or commission, for public use only;

\* \* \* \* \* \* \* \*

All or any portion of such real estate, or any interest therein, with or without improvements thereon, including the hereditaments, appurtenances, easements and rights of way, and make the necessary conveyance of same.

[3] These provide in pertinent part:

*N.J.S.A.* 52:31–1.4: The State shall, prior to public auction to dispose of any land and improvements which it has acquired within 10 years of the final decision to dispose of the land and improvements at issue, or any interest therein or option therefor, notify and provide the owners of record of the property at the time of the acquisition the right to repurchase their interest at the current fair market value of that interest as assembled to the former owner's property....

*N.J.S.A.* 52:31–1.5: Nothing in this act shall preclude an owner of record from repurchasing his interest at the current fair market value even if the property at issue is not assembled to his property.

ests with a value of $100,000 or less, whereas the property in question has substantially greater value; (3) there was insufficient proof that the Township could not meet its Mt. Laurel fair-share obligations without the quarry tract; (4) the State's statutorily granted right to lease cannot be judicially altered by compelling it to take into account the Township's *Mount Laurel* obligations.

We note first that reliance upon *N.J.S.A.* 52:31–1.3 was clearly misplaced. The Act to which the $100,000 limitation applies is *L.*1962, *c.* 220, embodied in the statutes at *N.J.S.A.* 52:31–1.1 to 1.3. *N.J.S.A.* 52:31–1.4 and 52:31–1.5 were enacted as *L.*1985, *c.* 201. That Act is unaffected by the modifier in *N.J.S.A.* 52:31–1.3.

Subsequent to appeal and submission of briefs herein, but before oral argument, all issues of statutory interpretation were preempted by legislative enactment of *L.*1993, *c.* 22, which specifically directs that D.O.T. lease all the unused Houdaille Quarry property to Union County for its public use, for a term of 99 years at the rate of $1 per year. The new statute reserves D.O.T. power to cancel the lease if the Department determines that all or any part of the property is needed for highway purposes.

*L.*1993, *c.* 22 moots any issues concerning application or interpretation of New Jersey statutes. Plainly, the property must be leased to the County in accordance with *L.*1993, *c.* 22, absent conflict with Federal law or New Jersey Constitutional principles.

The Federal issue argued by Quarry Hills is grounded in 42 *U.S.C.*, Sec. 4601 to 4655 and 23 *C.F.R.* Sec. 713.306, 307, which, it contends, require surplus federally funded right-of-way acquisitions to be disposed of by sale, and the proceeds proportionally returned to the Federal Highway Authority. We agree with respondents that this issue has effectively been precluded by the collateral estoppel effect of the Federal District Court's ruling in *Quarry Hill Development Corp. et al. v. United States Dept. of Trans., et al.,* Civil Act No. 89–4208 (D.N.J. February 30, 1990), in which Judge Barry concluded that Quarry Hills lacked standing

because the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 *U.S.C.*, Sec. 4601 to 4655 creates no private rights or liabilities. *See also, Watkins v. Resorts Inter. Hotel & Casino,* 124 *N.J.* 398, 591 *A.*2d 592 (1991).

We have already noted that the order under review was mistakenly made applicable to the Township. Thus issues in the complaint directed to the Township must be deemed open. Moreover, the *Mount Laurel* issues raised against all three defendants should not have been dismissed with prejudice so precipitately.

■ "A complaint should not be dismissed under ... [*R.* 4:6–2(e)] where a cause of action is suggested by the facts and a theory of actionability may be articulated ..." *Rieder v. State Dept. of Trans.,* 221 *N.J.Super.* 547, 552, 535 *A.*2d 512 (App.Div. 1987). Motion to dismiss under this rule, almost always brought at the earliest stages of litigation, should be granted in only rare instances, *Printing Mart–Morristown v. Sharp Electronics Corp.,* 116 *N.J.* 739, 772, 563 *A.*2d 31 (1989), and even then, barring other impediment, should be without prejudice. *Ibid. See also Velantzas v. Colgate–Palmolive Co.,* 109 *N.J.* 189, 536 *A.*2d 237 (1988).

■ The trial judge concluded, as to the Township's ability to comply with its *Mount Laurel* obligations, that, "Just because plaintiff says it, does not make it so." However, an affidavit by Quarry Hills' zoning expert raised sufficient colorable questions about the Township's zoning and its ability to meet *Mount Laurel* requirements to preclude resolution by a motion to dismiss, even if regarded as a motion for summary judgment.

To the extent the complaint suggests that the lease between D.O.T. and the County may consciously or unconsciously foster the alleged avoidance of *Mount Laurel* responsibilities by the Township, it presents a cognizable claim as to those defendants which should not have been dismissed with prejudice under the *Printing Mart* and *Velantzas* standards.

These *Mount Laurel* issues should be considered, however, before the forum most suited for resolution of such disputes, i.e.,

the designated *Mount Laurel* judge for Union County. *See,* 122 *N.J.L.J.* 1630, 1652 (December 29, 1988) (December 9, 1988 Supreme Court Order providing for assignment of *Mount Laurel* cases).

Accordingly, we reverse the order of dismissal to the extent it precludes assertion of *Mount Laurel,* or other issues of constitutional import, against D.O.T., the County, and the Township, and remand to the Law Division for transfer to the judge designated to hear *Mount Laurel* cases for Union County. Given enactment of *L.*1993, *c.* 22, we recognize that Quarry Hills' constitutional challenges will necessarily implicate that statute as well. Leave to amend the complaint accordingly shall be afforded.

In so concluding, we intend to express neither a view nor intimation as to the probable merits of the constitutional issues raised.

Finally, we note that the individual plaintiff, Jerry Pecaro, has been conditionally permitted to argue this appeal *pro se,* although the appeal and appellate briefs were filed by counsel not only on his behalf but for the corporate plaintiff of which he is the sole shareholder. A corporate resolution, purporting to assign to Pecaro individually all rights and obligations of Quarry Hills, has been submitted to us. This Court is not a convenient forum to make an initial record for exploration of the *bona fides* or adequacy of that document in compliance with *R.* 1:21–1(c). If *pro se* representation continues upon remand, we direct that the court satisfy itself that the corporate plaintiff is no longer a necessary party.

Reversed and remanded for proceedings consistent with this opinion.